## DAVON OIL CO. v. JONES, Collector of Internal Revenue.

### No. 280.

District Court, W. D. Oklahoma.

Jan. 8, 1941.

T. Murray Robinson and W. H. O'Bryan, both of Oklahoma City, Okl., for plaintiff.

Charles E. Dierker, U. S. Atty., and George H. McElroy, Asst. U. S. Atty., both of Oklahoma City, Okl., and Lester L. Gibson, Sp. Asst. to the Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Andrew D. Sharpe, Sp. Asst. to the Atty Gen., on the brief), for defendant.

VAUGHT, District Judge.

This is an action for the recovery of an overpayment of income and excess profits taxes paid by the plaintiff for the calendar years 1932, 1933, 1934, and 1936, and is brought under and by virtue of the provisions of the statutes of the United States, Section 41, Subdivision 5, Title 28 U.S.C.A., and Sections 3770, 3771 and 3772 of Title 26 U.S.C.A. Int.Rev.Code.

The plaintiff is the legal successor to the Harrell-Davis Oil Company, an Oklahoma corporation, succeeding to all its rights and liabilities.

The facts are stipulated in writing and it is agreed that the principal question for determination is whether or not the proceeds payable for certain portions of the oil produced from leaseholds operated by the plaintiff or its predecessor were for tax purposes the income of the plaintiff or the income of the drilling contractors claiming said income by reason of certain contracts and assignments executed to said drilling contractors in payment for the drilling of wells upon the various leaseholds involved and that this question may be presented to the court for a determination of the question of whose income these proceeds for tax purposes were, and that the court may first determine this legal question and advise the parties hereto of his ruling thereon and that thereafter the parties, if such be necessary, will recalculate the amounts determined to be paid on the basis of the court's ruling, and submit such determination to the court for final judgment.

In each instance a written contract was first executed between the plaintiff and the drilling contractors and that an assignment of a specific interest in the production was subsequently executed pursuant to the provisions of said contract, and that the assignment was in each instance duly and properly filed for record in the office of the Clerk of Oklahoma County, State of Oklahoma.

The proportionate part of the proceeds from the sale of oil produced from the various leaseholds, due the drilling contractors, as assignees of such portion of the oil and gas produced from said leaseholds, was paid directly to the drilling contractors or to their assignees, by the pipeline companies to which the various

leaseholds were connected for the purpose of the sale of oil.

The plaintiff, in its dealing with the various contractors involved in this case, agreed to pay a certain sum from the oil as and when produced from the respective wells and made an assignment of an interest in each well to the respective contractor, said assignment to remain in full force and effect until the full amount of the sum to be paid the contractor was paid in oil produced from the respective wells.

The plaintiff, as the taxpayer, in making its income tax return for the years involved, reported its gross income received but it did not include that portion of the income produced from oil and gas from the wells in question, which was paid to the drilling contractors under their agreement and the assignment of an interest in the production until such sums were paid.

The Commissioner, in making a reassessment, took the position that the plaintiff as the owner of the oil wells was chargeable with the entire production from said wells, less the one-eighth royalty, and computed the income tax for the years involved against the plaintiff on the basis of the total production, less the one-eighth royalty.

The plaintiff contends that, since it agreed to pay a certain sum for the drilling of each well out of the oil produced and since it assigned an interest in the oil produced to the drillers and said sums were paid to the drillers directly by the pipeline companies receiving the oil, the plaintiff ought not to be chargeable with the sum which was received by the drillers under the assignments.

The court has carefully examined the briefs in this matter, has read the authorities cited, and is of the opinion that this case is controlled by the decision of the Supreme Court of the United States in Thomas v. Perkins, 301 U.S. 655, 57 S.Ct. 911, 81 L.Ed. 1324, and that if there was any question as to the application of the principle as announced by the court in Thomas v. Perkins, supra, the Supreme Court in Anderson v. Helvering, 310 U.S. 404, 60 S.Ct. 952, 84 L.Ed. 1277, decided May 20, 1940, removed that doubt, for the court in Anderson v. Helvering, supra, distinguished between the Anderson case and the Perkins case, and in so doing, it upheld the doctrine as announced in Thomas v. Perkins, supra.

The court, therefore, is of the opinion that the legal question involved, as contained in the stipulation, should be decided in favor of the plaintiff and a further order may be made in this case, as stipulated by the parties.